Naquan Gray,

Petitioner,

versus

Sibatu Khahaifa,

Respondent.

———————

**MEMORANDUM AND ORDER**
June 24, 2010

———————

Joseph F. Bianco, District Judge:

Naquan Gray (hereinafter "Gray" or "petitioner") petitions this Court *pro se* for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging his conviction in state court. Petitioner pled guilty to gang assault in the first degree, N.Y. Penal Law § 120.07. By plea bargain agreement, two charges — manslaughter in the first degree and criminal possession of a weapon in the third degree — were dismissed. Petitioner was sentenced to a determinate term of seven years' imprisonment and five years' supervised release. In the instant petition, petitioner argues that the indictment was defective with respect to the dismissed weapon possession charge and, therefore, several grounds support granting a writ of habeas corpus. Specifically, petitioner argues that: (1) he received ineffective assistance of counsel;[1] (2) his plea was not knowing, voluntary, and intelligent; and (3) the indictment failed to give him fair notice of the charges. For the reasons set forth below, the petition is denied in its entirety.

I. Background and
Procedural History

A. Facts

Under Suffolk County Indictment Number 849-05, petitioner was charged with manslaughter in the first degree, N.Y. Penal

---

[1] Although petitioner does not explicitly assert a claim of ineffective assistance of counsel, the Court liberally construes the petition as making such a claim given the nature of petitioner's arguments.

Law § 125.20, gang assault in the first degree, N.Y. Penal Law § 120.07, and criminal possession of a weapon in the third degree, N.Y. Penal Law § 265.02, in connection with the shooting death of Daniel Ramirez on or about January 26, 2005.

On December 7, 2005, petitioner pled guilty to the charge of gang assault in the first degree pursuant to a plea agreement whereby the remaining charges were dismissed. During his plea allocution, petitioner stated that, on the day of the shooting, petitioner was in the vicinity of a middle school in Copiague, Suffolk County. (Plea Tr. at 6.) Petitioner was at that location with his brother and his two co-defendants. (*Id.* at 6-7.) Petitioner stated that his purpose in being at that location was to assist his brother, who was going to be engaged in a fight with the victim, Daniel Ramirez. (*Id.* at 7.) Prior to going to that location, petitioner and both of his co-defendants obtained guns. (*Id.*) Petitioner's gun was loaded and operable. (*Id.* at 7-8.) During the fight at the school, petitioner and his co-defendants each fired their guns. (*Id.* at 8.) As a result of the shooting, Daniel Ramirez received an injury that caused his death.[2] (*Id.*) Petitioner and his co-defendants then left the middle school and went to a friend's house, where they put the guns in a bag and attempted to clean off the weapons to remove any physical evidence or fingerprints. (*Id.* at 9.) Petitioner and his co-defendants left the guns at the friend's house for hiding. (*Id.* at 9-10.)

Pursuant to the terms of the plea agreement, petitioner was sentenced to a determinate term of imprisonment of seven years and a post-release supervision period of five years. (*See* Sentencing Tr. at 8-9.)

B. Direct Appeal

With the assistance of counsel, petitioner appealed his conviction to the Appellate Division, Second Department, arguing that: (1) the trial court erred in denying petitioner youthful offender status; and (2) the sentence was excessive. Petitioner also filed a *pro se* supplemental brief, arguing, *inter alia*, that the guilty plea was invalid because it was induced by a promise from the trial court that could not be fulfilled. Specifically, petitioner argued that the indictment was defective with respect to the charge of criminal possession of a weapon in the third degree, making that charge a "nullity." Therefore, petitioner argued, the trial court could not promise to dismiss that defective charge in exchange for the guilty plea on the gang assault charge.

On December 11, 2007, the Appellate Division affirmed petitioner's conviction, holding, *inter alia*, that "[b]y pleading guilty, the defendant forfeited the claim, raised in his supplemental pro se brief, concerning a nonjurisdictional defect in the indictment." *People v. Gray*, 847 N.Y.S.2d 230, 231 (App. Div. 2007) (citing *People v. Purnell*, 803 N.Y.S.2d 175 (App. Div. 2005)). On February 29, 2008, the Court of Appeals denied leave to appeal. *People v. Gray*, 883 N.E.2d 1262 (N.Y. 2008).

On May 26, 2007, petitioner filed a New York Criminal Procedure Law § 440.10 motion to vacate his conviction, arguing that the indictment was defective because it did not contain the signature of the grand jury foreperson. The New York State Supreme Court denied petitioner's motion without a

---

[2] The parties stipulated that, based on ballistic and medical evidence, the weapon that caused the victim's death was fired by one of petitioner's co-defendants. (Plea Tr. at 8-9.)

2

hearing on November 16, 2007 and denied petitioner's application for leave to appeal on March 27, 2008.

## II. STANDARD OF REVIEW

To determine whether petitioner is entitled to a writ of habeas corpus, a federal court must apply the standard of review set forth in 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which provides, in relevant part:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2554. "Clearly established Federal law" is comprised of "the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision." *Green v. Travis*, 414 F.3d 288, 296 (2d Cir. 2005) (quoting *Williams v. Taylor*, 529 U.S. 362, 412 (2000)).

A decision is "contrary to" clearly established federal law, as determined by the Supreme Court, "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts." *Williams*, 529 U.S. at 413. A decision is an "unreasonable application" of clearly established federal law if a state court "identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of [a] prisoner's case." *Id.*

AEDPA establishes a deferential standard of review: "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Gilchrist v. O'Keefe*, 260 F.3d 87, 93 (2d Cir. 2001) (quoting *Williams*, 529 U.S. at 411). The Second Circuit added that, while "[s]ome increment of incorrectness beyond error is required . . . the increment need not be great; otherwise, habeas relief would be limited to state court decisions so far off the mark as to suggest judicial incompetence." *Id.* (quoting *Francis S. v. Stone*, 221 F.3d 100, 111 (2d Cir. 2000)). Finally, "if the federal claim was not adjudicated on the merits, 'AEDPA deference is not required, and conclusions of law and mixed findings of fact and conclusions of law are reviewed *de novo*.'" *Dolphy v. Mantello*, 552 F.3d 236, 238 (2d Cir. 2009) (quoting *Spears v. Greiner*, 459 F.3d 200, 203 (2d Cir. 2006)).

3

III. DISCUSSION

Petitioner argues that he is entitled to habeas relief because his indictment failed to allege all the material elements of criminal possession of a weapon in the third degree. Basing his claims on this alleged defect, petitioner argues that: (1) he received ineffective assistance of counsel; (2) his guilty plea was not knowing, voluntary, and intelligent; and (3) the indictment did not give petitioner notice of the charge against him in violation of the Sixth Amendment. In particular, although petitioner did not plead guilty to the criminal possession of a weapon charge (which is the only charge in the indictment that petitioner claims was defective) and the charge was dismissed as part of the plea agreement, he contends that he would not have pled guilty to the gang assault charge if he had been aware of the alleged defect in the weapon charge. For the reasons set forth below, the Court concludes that all of petitioner's claims except for the challenge to the validity of his plea are barred from federal habeas review and, in any event, all of petitioner's claims are without merit.

A. Effect of Petitioner's Guilty Plea

Given petitioner's guilty plea to the charge of gang assault in the first degree,[3] any alleged defects in the grand jury process, particularly with respect to a charge that was ultimately dismissed, cannot serve as grounds for habeas relief. *See Whitehead v. Senkowski*, 943 F.2d 230, 233 (2d Cir. 1991) ("Generally a knowing and voluntary guilty plea precludes federal habeas corpus review of claims relating to constitutional rights at issue prior to the entry of the plea."); *see also, e.g.*, *Whitehurst v. Senkowski*, 485 F. Supp. 2d 105, 117 (N.D.N.Y. 2007) (holding that if a guilty plea is valid, petitioner is precluded "from now challenging the legality of events that occurred prior to the entry of that plea . . . including his habeas claims that the prosecution improperly used statements he made to law enforcement agents to secure the Indictment, or which otherwise argue that the evidence presented to the grand jury to obtain that accusatory instrument was illegally tainted" (citation and quotation marks omitted)); *Crispino v. Allard*, 378 F. Supp. 2d 393, 414 (S.D.N.Y. 2005) ("[I]f [petitioner] entered a voluntary, knowing, and intelligent guilty plea, any and all non-jurisdictional defects raised in the indictment are waived.").

Petitioner argues, however, that the alleged defect in the indictment was "jurisdictional" and, therefore, his guilty plea does not preclude him from raising the issue in the instant petition. The Court rejects this argument. As discussed above, the Appellate Division held that the alleged defect in the indictment was not jurisdictional. The jurisdiction of state courts with regard to indictments is generally a state law question. *See Weisberg v. State of Minnesota*, 29 F.3d 1271, 1280 (8th Cir. 1994) ("Whether an indictment or criminal complaint is sufficient to confer jurisdiction on a state court is a question of state law. Thus, a federal habeas court must defer to a state-court finding in the underlying case or apply state law to the underlying case in the first instance." (citations omitted)); *McKay v. Collins*, 12 F.3d 66, 68 (5th Cir. 1994) ("Where the state courts have held that an indictment is sufficient under state law, a federal court need not address that issue."). Thus, this Court defers to the New York court on the state law jurisdictional question.

---

[3] As discussed *infra*, petitioner has failed to demonstrate that his guilty plea was not voluntary, knowing, or intelligent.

Even if there were a "jurisdictional" defect in the indictment as a matter of state law, the question for this Court on federal habeas review is whether the allegedly defective indictment rendered the state court "without fundamental power to exercise jurisdiction over [the petitioner's] person." *Boyd v. Meachum*, 77 F.3d 60, 65 (2d Cir. 1996) (rejecting double jeopardy argument) (citing *Illinois v. Somerville*, 410 U.S. 458, 459, 467-68 (1973)); *id.* ("[T]he defendant must show not merely that the criminal court did not properly exercise jurisdiction over his person as a matter of state law, but rather that the court could not exercise personal jurisdiction over him without violating the Constitution, or perhaps other federal law depriving the state court of jurisdiction." (collecting cases)); *see also Menna v. New York*, 423 U.S. 61, 62 (1975) ("Where the State is precluded by the United States Constitution from haling a defendant into court on a charge, federal law requires that a conviction on that charge be set aside even if the conviction was entered pursuant to a counseled plea of guilty." (citation omitted)).

As the Second Circuit has explained, "[w]hile the federal constitutional requirements of personal jurisdiction in a civil setting are reasonably well-defined, this is not so in a criminal case." *Boyd*, 77 F.3d at 66 (citations omitted). It is clear, however, that defects in an indictment do not deprive a court of jurisdiction as a matter of federal law. *See United States v. Cotton*, 535 U.S. 625, 630 (2002) (holding under federal law that "defects in an indictment do not deprive a court of its power to adjudicate a case"); *United States v. Thomas*, 274 F.3d 655, 664 (2d Cir. 2001) (holding that "where a federal defendant is sentenced for a crime not fully alleged in the indictment in that the allegations in the indictment charge a lesser-included offense of the crime for which the sentence was imposed, the error is not 'jurisdictional'"); *see also, e.g.*, *Waid v. Burge*, 07-CV-6176T, 2010 WL 983222, at *2-3 (W.D.N.Y. Mar. 16, 2010) (rejecting habeas petitioner's arguments regarding "jurisdictional defects" under New York state law); *Roberts v. Payant*, No. 05 Civ. 3110(RJH)(DF), 2009 WL 6412017, at *10 n.14 (S.D.N.Y. Dec. 3, 2009) (rejecting habeas petitioner's argument regarding alleged defects in the presentment of the indictment and noting "the Supreme Court has held that defects in an indictment are non-jurisdictional in nature" (citing *Cotton*, 535 U.S. at 630)); *Walter v. Superintendent*, No. 06-CV-0128 (GHL), 2008 WL 4163122, at *6 (N.D.N.Y. Sept. 4, 2008) ("Even if one classifies Petitioner's argument as related to a 'jurisdictional event,' the claim is not cognizable. Challenges to the sufficiency of a state indictment are not generally cognizable on *habeas* review." (collecting cases)). Thus, even if the indictment failed to allege an offense, such a defect in the indictment did not, as a matter of federal constitutional law, deprive the state court of the power to adjudicate the case. *See Cotton*, 535 U.S. at 630-31 ("[A] district court 'has jurisdiction of all crimes cognizable under the authority of the United States . . . [and] [t]he objection that the indictment does not charge a crime against the United States goes only to the merits of the case.'" (quoting *Lamar v. United States*, 240 U.S. 60, 65 (1916))); *Boyd*, 77 F.3d at 66 ("[Petitioner] does not claim that the state trial court had no power, in a 'basic sense,' to render a judgment of conviction over him for a properly pled charge of felony murder. There is no claim that he was tried in the wrong court, or was tried in absentia, or was otherwise denied due process. In sum, he makes no argument that the state criminal court exercised personal jurisdiction over him

in violation of the Constitution or other federal law . . . .").[4]

In short, the state court had jurisdiction over petitioner as a matter of federal constitutional law. Because petitioner has failed to demonstrate that the state court lacked jurisdiction, all of petitioner's claims in the instant petition, with the exception of his challenge to the validity of his guilty plea, are precluded from review based on his guilty plea.

### B. Procedural Bar

For the reasons set forth below, the Court is also procedurally barred from reviewing petitioner's claims regarding the effective assistance of counsel and the sufficiency of the indictment.

### 1. Legal Standard

As a threshold matter, a district court shall not review a habeas petition unless "the applicant has exhausted the remedies available in the courts of the state." 28 U.S.C. § 2254(b)(1)(A). Although a state prisoner need not petition for certiorari to the United States Supreme Court to exhaust his claims, *see Lawrence v. Florida*, 549 U.S. 327, 333 (2007), petitioner must fairly present his federal constitutional claims to the highest state court having jurisdiction over them. *See Daye v. Attorney Gen. of N.Y.*, 696 F.2d 186, 191 n.3 (2d Cir. 1982) (en banc). Exhaustion of state remedies requires that a petitioner "fairly presen[t] federal claims to the state courts in order to give the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (quoting *Picard v. Connor*, 404 U.S. 270, 275 (1971) (quotation marks omitted) (alteration in original)).

However, "it is not sufficient merely that the federal habeas applicant has been through the state courts." *Picard*, 404 U.S. at 275-76. On the contrary, to provide the State with the necessary "opportunity," the prisoner must "fairly present" his claim in each appropriate state court (including a state supreme court with powers of discretionary review), alerting that court to the federal nature of the claim and "giv[ing] the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *see also Duncan*, 513 U.S. at 365-66. "A petitioner has 'fairly presented' his claim only if he has 'informed the state court of both the factual and the legal premises of the claim he asserts in federal court.'" *Jones v. Keane*, 329 F.3d 290, 294-95 (2d Cir. 2003) (quoting *Dorsey v. Kelly*, 112 F.3d 50, 52 (2d Cir. 1997)). "Specifically, [petitioner] must have set forth in state court all of the essential factual allegations asserted in his federal petition; if material factual allegations were omitted, the state court has not had a fair opportunity to rule on the claim." *Daye*, 696 F.2d at 191-92 (citing *Picard*, 404 U.S. at 276; *United States ex rel. Cleveland v. Casscles*, 479 F.2d 15, 19-20 (2d Cir. 1973)). To that end, "[t]he chief purposes of the exhaustion doctrine would be frustrated if the federal habeas court were to rule on a claim whose fundamental legal basis was substantially different from that asserted in state court." *Id.* at 192 (footnote omitted).

---

[4] In any event, there is no argument that the state court lacked jurisdiction over petitioner with respect to the other charges in the indictment, particularly the gang assault charge to which petitioner pled guilty.

6

Like the failure to exhaust a claim, the failure to satisfy the state's procedural requirements deprives the state courts of an opportunity to address the federal constitutional or statutory issues in a petitioner's claim. *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991). "[A] claim is procedurally defaulted for the purposes of federal habeas review where 'the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred.'" *Reyes v. Keane*, 118 F.3d 136, 140 (2d Cir. 1997) (quoting *Coleman*, 501 U.S. at 735) (additional citations and emphasis omitted). Where the petitioner "can no longer obtain state-court review of his present claims on account of his procedural default, those claims are . . . to be deemed exhausted." *DiGuglielmo v. Smith*, 366 F.3d 130, 135 (2d Cir. 2004) (citing *Harris v. Reed*, 489 U.S. 255, 263 n.9 (1989); *Grey v. Hoke*, 933 F.2d 117, 120 (2d Cir. 1991)). Therefore, for exhaustion purposes, "a federal habeas court need not require that a federal claim be presented to a state court if it is clear that the state court would hold the claim procedurally barred." *Keane*, 118 F.3d at 139 (quoting *Hoke*, 933 F.2d at 120).

However, "exhaustion in this sense does not automatically entitle the habeas petitioner to litigate his or her claims in federal court. Instead if the petitioner procedurally defaulted those claims, the prisoner generally is barred from asserting those claims in a federal habeas proceeding." *Woodford v. Ngo*, 548 U.S. 81, 93 (2006) (citing *Gray v. Netherland*, 518 U.S. 152, 162 (1996); *Coleman*, 501 U.S. at 744-51). "[T]he procedural bar that gives rise to exhaustion provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas corpus review of the defaulted claim, unless the petitioner can demonstrate cause and prejudice for the default." *Netherland*, 518 U.S. at 162 (citations omitted).

The procedural bar rule in the review of applications for writs of habeas corpus is based on the comity and respect that state judgments must be accorded. *See House v. Bell*, 547 U.S. 518, 536 (2006). Petitioner's federal claims may also be procedurally barred from habeas corpus review if they were decided at the state level on adequate and independent procedural grounds. *See Coleman*, 501 U.S. at 729-33. The purpose of this rule is to maintain the delicate balance of federalism by retaining a state's rights to enforce its laws and to maintain its judicial procedures as it sees fit. *Id.* at 730-31.

Once it is determined that a claim is procedurally barred under state rules, a federal court may still review such a claim on its merits if the petitioner can demonstrate both cause for the default and prejudice resulting therefrom, or if he can demonstrate that the failure to consider the claim will result in a miscarriage of justice. *Id.* at 750 (citations omitted). A miscarriage of justice is demonstrated in extraordinary cases, such as where a constitutional violation results in the conviction of an individual who is actually innocent. *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

2. Application

The Court concludes that petitioner's claims regarding ineffective assistance of counsel and insufficiency of the indictment are procedurally barred from review. Petitioner did not assert either of these claims

in state court. Thus, petitioner failed to exhaust these claims. Because petitioner would be precluded from bringing these claims now in state court, *see* N.Y. Crim. Proc. Law §§ 460.15, the claims are deemed exhausted but procedurally defaulted. Therefore, the Court can review these claims only if petitioner shows cause for the default and prejudice resulting therefrom, or shows that a miscarriage of justice would result if the Court did not review the claims. Petitioner has failed to meet this burden. Petitioner does not provide a satisfactory explanation for his failure to raise these claims. Petitioner also makes no claim of actual innocence. *See House v. Bell*, 547 U.S. 518, 536-40 (2006). Thus, the Court concludes that petitioner has failed to show cause for the default, prejudice resulting therefrom, or a miscarriage of justice. Accordingly, petitioner's claims regarding ineffective assistance of counsel and insufficiency of the indictment are procedurally barred from review.[5]

B. Review on the Merits

The Court has considered all of petitioner's claims on the merits. For the reasons set forth below, the Court concludes that petitioner has failed to demonstrate any basis for habeas relief.

1. Ineffective Assistance of Counsel

The Court liberally construes the petition as asserting a claim of ineffective assistance of counsel. The Court concludes that such a claim fails on the merits.[6]

a. Legal Standard

Under the standard promulgated by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), a petitioner is required to demonstrate two elements in order to state a successful claim for ineffective assistance of counsel: (1) "counsel's representation fell below an objective standard of reasonableness," and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 688, 694.

The first prong requires a showing that counsel's performance was deficient. However, constitutionally effective counsel embraces a "wide range of professionally competent assistance," and "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Greiner v. Wells*, 417 F.3d 305, 319 (2d Cir. 2005) (quoting *Strickland*, 466 U.S. at 690). The performance inquiry examines the reasonableness of trial counsel's actions under all circumstances, keeping in mind that a "fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight." *Id.* at 319 (quoting *Rompilla v. Beard*, 545 U.S. 374, 408 (2005)). In

---

[5] Although respondent argues that petitioner also did not raise his challenge to the validity of his plea on direct appeal, this Court disagrees. Petitioner argued to the Appellate Division that the use of the allegedly defective weapon possession charge against him rendered his plea involuntary. (*See* Appellant's *Pro se* Supp. Br. at 9-10.) In any event, this claim is without merit for the reasons discussed *infra*.

[6] As discussed *supra*, any ineffective assistance claim is also procedurally barred from review.

8

assessing performance, a court must apply a "heavy measure of deference to counsel's judgments." *Id.* (quoting *Strickland*, 466 U.S. at 691). "A lawyer's decision not to pursue a defense does not constitute deficient performance if, as is typically the case, the lawyer has a reasonable justification for the decision," *DeLuca v. Lord*, 77 F.3d 578, 588 n.3 (2d Cir. 1996), and "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *Id.* at 588 (citing *Strickland*, 466 U.S. at 690-91). Moreover, "strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." *Id.*

The second prong focuses on prejudice to the petitioner. The petitioner is required to show that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. In this context, "reasonable probability" means that the errors were of a magnitude such that they "undermine[] confidence in the [proceeding's] outcome." *Pavel v. Hollins*, 261 F.3d 210, 216 (2d Cir. 2001) (quoting *Strickland*, 466 U.S. at 694). "The question to be asked in assessing the prejudice from counsel's errors . . . is whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." *Henry v. Poole*, 409 F.3d 48, 63-64 (2d Cir. 2005) (quoting *Strickland*, 466 U.S. at 695). In the context of a guilty plea, in order to satisfy the "prejudice" prong, "the [petitioner] must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

b. Application

Here, petitioner's claim fails to satisfy the first prong of *Strickland*. As an initial matter, because counsel's allegedly deficient performance preceded entry of the guilty plea, federal habeas relief is precluded. *See, e.g.*, *Sanchez v. Connell*, No. 9:06-cv-01416 (JKS), 2009 WL 1617142, at *6 (N.D.N.Y. June 9, 2009). A petitioner who pleads guilty forfeits the right to argue issues collateral to the guilty plea. *Id.* This is because a plea of guilty "conclusively resolves the question of factual guilt supporting the conviction, thereby rendering any antecedent constitutional violation bearing on factual guilt a non-issue." *United States v. Gregg*, 463 F.3d 160, 164 (2d Cir. 2006). Thus, once a defendant has admitted guilt, "he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). Indeed, once there has been an admission of guilt, "[t]he only proper focus of a federal habeas inquiry . . . is the voluntary and intelligent character of the guilty plea." *Amparo v. Henderson*, No. CV 86-4310, 1989 WL 126831, at *2 (E.D.N.Y. Oct. 18, 1989) (quoting *Isaraphanich v. United States*, 632 F. Supp. 1531, 1533 (S.D.N.Y. 1986)). Petitioner's claims regarding pre-pleading constitutional violations by his trial counsel could only be successful if petitioner established that they might have affected the voluntariness of his plea. *See, e.g.*, *id.* Accordingly, petitioner has waived the right to challenge aspects of his counsel's performance that are unrelated to the guilty plea. Nonetheless, because petitioner appears to challenge counsel's performance with

9

respect to his entry of a guilty plea, the Court further analyzes this claim.

It was not objectively unreasonable for petitioner's trial counsel to advise petitioner to plead guilty to gang assault in the first degree. As discussed *infra*, a review of the state court records in this case, including the plea and sentencing transcripts, shows that petitioner's plea was knowing, voluntary, and intelligent. Petitioner argues that, if he had known the indictment was defective with respect to the weapon possession charge, he would not have pled guilty to the gang assault charge in exchange for the dismissal of the weapon possession charge. (*See, e.g.*, Pet. Mem. at 5.) However, petitioner makes no argument regarding the sufficiency of the government's evidence on any of the charges. Indeed, given the fact that petitioner does not dispute his guilt on the underlying gang assault charge,[7] and the fact that petitioner admitted at his plea allocution to possessing a loaded gun at the middle school,[8] it seems likely that even if petitioner had made a timely motion to dismiss the weapon possession charge, the prosecution could have re-indicted on that same charge. (*See* Resp. Br. at 5.)[9] Furthermore, a review of the record demonstrates that petitioner received an advantageous plea agreement by pleading guilty to gang assault in the first degree. *See People v. Silent*, 831 N.Y.S.2d 194, 195 (App. Div. 2007). Petitioner received a sentence of seven years' imprisonment on the gang assault charge, avoiding a more severe sentence; the maximum penalty for gang assault in the first degree is 25 years in prison. *See* N.Y. Penal Law §§ 120.07, 70.00. If convicted of manslaughter in the first degree, which was dismissed pursuant to the plea agreement, petitioner also faced a maximum sentence of 25 years in prison. *See* N.Y Penal Law §§ 125.20, 70.00. Thus, the Court concludes that counsel's performance was not objectively unreasonable.

---

[7] Petitioner also does not claim actual innocence on the dismissed manslaughter and weapon possession charges.

[8] During the plea allocution, petitioner stated:

Q. [D]id you and your co-defendants obtain weapons?

A. Yes.

Q. And were those weapons, guns?

A. Yes.

Q. And did each of you, your co-defendants, Alberto Merced and Shawnn Dunlap, have a gun?

A. Yes.

Q. Were those guns loaded and operable, to your knowledge?

A. Mine[] was.

Q. And did you then drive over to that location by the Copiague Middle School with those individuals?

A. Yes.

(Plea Tr. at 7-8.)

[9] Petitioner argues that the statute cited by respondent for this point, New York Criminal Procedure Law § 200.70, does not allow amendments where the indictment fails to allege an offense, which is what petitioner claims here. However, even if the prosecution could not amend the indictment, nothing would prevent the prosecution from obtaining a new indictment from the grand jury.

Although petitioner's failure to show deficient performance disposes of any ineffective assistance claim, the Court also finds that even if trial counsel's performance was deficient, any alleged deficiencies did not result in prejudice to petitioner's case. "In evaluating the prejudice suffered by a petitioner as a result of counsel's deficient performance, the court looks to the 'cumulative weight of error' in order to determine whether the prejudice 'reache[s] the constitutional threshold.'" *Sommerville v. Conway*, 281 F. Supp. 2d 515, 519 (E.D.N.Y. 2003) (quoting *Lindstadt v. Keane*, 239 F.3d 191, 202 (2d. Cir. 2001)). "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. For the reasons discussed *supra*, particularly the potential length of petitioner's sentence and the fact that petitioner does not claim actual innocence, there is no reasonable probability that, if defense counsel had advised petitioner that the weapon charge was defective, petitioner would not have pled guilty to the gang assault charge and would have insisted on going to trial.

Accordingly, petitioner did not receive constitutionally deficient assistance of trial counsel with respect to his guilty plea. Thus, any request by petitioner for habeas relief on grounds of ineffective assistance of trial counsel is denied. *See, e.g.*, *Jackson v. Morgenthau*, No. 07 Civ. 2757 (SAS)(THK), 2009 WL 1514373, at *15-16 (S.D.N.Y. May 28, 2009) (finding effective assistance of counsel and dismissing habeas petition when petitioner claimed that trial counsel did not sufficiently challenge the evidence supporting the indictment).

2. Validity of Plea

For the reasons set forth below, the Court rejects petitioner's argument that his guilty plea was not knowing, voluntary, and intelligent.

The well-established standard for determining the validity of a guilty plea is "whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *Hill v. Lockhart*, 474 U.S. 52, 56 (1985) (quoting *North Carolina v. Alford*, 400 U.S. 25, 31 (1970)). Where a defendant is represented by counsel at the plea, and enters the plea upon the advice of counsel, the voluntariness of the plea depends upon whether counsel's advice was within the range of competence demanded of attorneys in criminal cases. *Id.* (citations omitted). The Supreme Court has held that, under the Due Process Clause of the United States Constitution, a trial court can only accept a guilty plea which is "done voluntarily, knowingly, and intelligently, with sufficient awareness of the relevant circumstances and likely consequences." *United States v. Adams*, 448 F.3d 492, 497 (2d Cir. 2006) (quoting *Bradshaw v. Stumpf*, 545 U.S. 175, 183 (2005)); *accord Godinez v. Moran*, 509 U.S. 389, 400 (1993). Normally, a guilty plea may not be collaterally attacked, since it constitutes an admission to all elements of the charged crime. *Salas v. United States*, 139 F.3d 322, 324 (2d Cir. 1998). However, a defendant may challenge a guilty plea on the ground that it was not made knowingly and voluntarily. *United States v. Simmons*, 164 F.3d 76, 79 (2d Cir. 1998). A conviction which is based upon an involuntary plea of guilty is inconsistent with due process of law and is subject to collateral

attack by federal habeas corpus. *McMann v. Richardson*, 397 U.S. 759, 772 (1970).

Petitioner essentially argues that his guilty plea on the gang assault charge was involuntary because he agreed to it without knowing that the charge of criminal possession of a weapon in the third degree was defective. The Court rejects this argument. As a threshold matter, petitioner does not argue that he did not understand the charge of criminal possession of a weapon in the third degree.[10] Instead, petitioner argues merely that he did not know that the allegations in the indictment were defective. (*See, e.g.*, Pet. Traverse at 8 ("[H]ad petitioner known he was not in jeopardy for the crime of gun possession, the outcome of the case might have been different . . . .").) However, petitioner's counsel received a copy of the indictment well in advance of petitioner's plea. (*See* Arraignment Tr. at 2.) Petitioner stated under oath that he had discussed the guilty plea with counsel, who presumably explained the charges in the indictment.[11] (Plea Tr. at 4-6.) The Court also engaged in the following colloquy with petitioner:

> Q. Have you discussed [the] plea with your attorney before entering it here this morning?
>
> A. Yes.
>
> Q. Did you understand what he said on your behalf?
>
> A. Yes.
>
> Q. Are you pleading guilty of your own free will, after discussing this matter in [] full with counsel?
>
> A. Yes.
>
> Q. Has anyone forced you or coerced you into entering this plea?
>
> A. No.
>
> Q. Are you presently under the influence of any alcohol or drugs?
>
> A. No.

(Plea Tr. at 5.) Petitioner then admitted to all of the elements of the gang assault charge. (*Id.* at 6-10.) Thus, the Court concludes that petitioner's guilty plea was knowing, voluntary, and intelligent.[12] To the extent

---

[10] Although, at times, petitioner argues that he lacked "notice" of the weapon possession charge, his notice argument is based entirely on his lack of knowledge of the alleged defect in the indictment and not on any confusion about what he was accused of doing.

[11] As discussed *supra*, petitioner has failed to demonstrate ineffective assistance of counsel.

[12] The Court rejects petitioner's additional argument that his plea was involuntary because the government made a promise that could not be fulfilled, *i.e.*, a promise to dismiss an allegedly defective charge in the indictment. Petitioner cites, *inter alia*, *Santobello v. New York*, 404 U.S. 257 (1971), and *Brady v. United States*, 397 U.S. 742 (1970), in support of this argument. Those cases stand for the proposition that the prosecution must be held to its promises in plea bargain agreements. *See Brady*, 397 U.S. at 755; *Santobello*, 404 U.S. at 262; *see also Palermo v. Warden, Green Haven State Prison*, 545 F.2d 286, 296 (2d Cir. 1976) ("[W]here a defendant pleads guilty because he reasonably relies on promises by the prosecutors which are in fact unfulfillable, he has a right to have those promises fulfilled."). However, the plea agreement in question called

petitioner wishes to withdraw his plea because he no longer finds the terms of the agreement favorable, the Court rejects that argument. *See Bradshaw v. Stumpf*, 545 U.S. 175, 186 (2005) ("[A] plea's validity may not be collaterally attacked merely because the defendant made what turned out, in retrospect, to be a poor deal.").

In short, petitioner's claim that his guilty plea was not knowing, voluntary, and intelligent is without merit.

### 3. Sufficiency of the Indictment

For the reasons set forth below, the Court rejects any challenge to the sufficiency of the indictment.[13]

A challenge to the sufficiency of a state indictment is not cognizable on habeas review unless the indictment falls below constitutional standards. *See Davis v. Mantello*, 42 F. App'x 488, 490 (2d Cir. 2002) ("Claims of deficiencies in state grand jury proceedings are not cognizable in a habeas corpus proceeding in federal court." (citing *Lopez v. Riley*, 865 F.2d 30, 32 (2d Cir. 1989)); *Dwyer v. Duval*, 23 F.3d 394, 394 (1st Cir. 1994) (rejecting habeas claim based on invalidity of a conviction due to lack of seal on indictment); *Walter v. Superintendent*, No. 9:06-CV-0128 (GHL), 2008 WL 4163122 (N.D.N.Y. Sept. 4, 2008) ("Challenges to the sufficiency of a state indictment are not generally cognizable on *habeas* review." (collecting cases)); *Norwood v. Hanslmaier*, No. 93 Civ. 3748 (NG), 1997 WL 67669, at *3 (E.D.N.Y. Feb. 11, 1997) (finding that denial of defendant's right to testify in the grand jury and lack of foreperson's signature on indictment did not raise federal constitutional claims). An indictment satisfies constitutional standards if "it charges a crime [1] with sufficient precision to inform the defendant of the charges he must meet and [2] with enough detail that he may plead double jeopardy in a future prosecution based on the same set of events." *See De Vonish v. Keane*, 19 F.3d 107, 109 (2d Cir. 1994) (citation and quotations omitted).

The Court rejects petitioner's attack on the sufficiency of the indictment. As a threshold matter, petitioner does not challenge the sufficiency of the indictment with respect to the gang assault charge of which he was convicted. Instead, petitioner challenges only the charge of criminal possession of a weapon in the third degree, which was ultimately dismissed. Petitioner cites no authority for the proposition that a federal habeas court can dismiss a charge to which petitioner pled guilty based on a defect in the indictment with respect to a different charge.

In any event, even if the Court could review petitioner's claim, the claim fails on the merits. Under New York Penal Law § 265.02(4) in effect at the time of petitioner's

---

for petitioner to plead guilty to the charge of gang assault in the first degree and for the prosecution to dismiss the charges of manslaughter in the first degree and criminal possession of a weapon in the third degree. (*See* Plea Tr. at 3; *see also id.* at 12-13 ("Q. Have any other promises been made to you by this Court, by the District Attorney's Office, or by your lawyer, to induce you to enter into this plea? A. No.").) There is no dispute that the prosecution fulfilled its promise to dismiss the charges in question. Thus, petitioner's argument regarding the fulfillment of the plea agreement is without merit.

[13] As discussed *supra*, petitioner's challenge to the sufficiency of the indictment is procedurally barred from review and precluded by his guilty plea.

crime, "[a] person is guilty of the crime of criminal possession of a weapon in the third degree when: such person possesses a loaded firearm. Such possession shall not . . . constitute a violation of this section if such possession takes place in such person's home or place of business." With respect to this charge, the Indictment stated: "The Grand Jury of Suffolk County, by this Indictment, accuses the defendant of the crime of criminal possession of a weapon in the third degree, committed as follows: The defendant, Naquan Gray, on or about January 26, 2005, in Suffolk County, State of New York, did knowingly and unlawfully possess a firearm."

The Court concludes that the indictment satisfies federal constitutional standards. The indictment makes clear that the charge relates to petitioner's conduct on or about January 26, 2005 and refers to the charged crime by name. As discussed *supra*, petitioner's counsel was given a copy of the indictment, petitioner discussed his guilty plea with counsel, and the plea was knowing, voluntary, and intelligent. Thus, petitioner has failed to demonstrate that he did not have sufficient notice of the charges brought against him. *See, e.g.*, *Tenace v. Senkowski*, 03-CV-900 (LEK/VEB), 2007 WL 2874441, at *4-5 (N.D.N.Y. Sept. 27, 2007) ("The requirements of due process are satisfied when, as in the present case, the 'defendant receives actual notice of the charges against him, even if the indictment or information is deficient.'" (quoting *Hulstine v. Morris*, 819 F.2d 861, 863-64 (8th Cir. 1987))). In short, the Court cannot conclude on this record that the indictment was insufficient as a matter of federal constitutional law.

\*\*\*

In sum, the Court concludes that petitioner's guilty plea was knowing, voluntary, and intelligent. All of petitioner's other claims are barred from review and are, in any event, without merit. Accordingly, the instant petition is denied in its entirety.

IV. CONCLUSION

For the foregoing reasons, petitioner has demonstrated no basis for relief under 28 U.S.C. § 2254. Petitioner has not demonstrated that any state court decision was contrary to, or an unreasonable application of, clearly established federal law, nor has petitioner demonstrated that any state court decision was an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Moreover, for those claims not raised in state court (which are procedurally barred), the Court finds them, in any event, to be without merit. Therefore, the petition for a writ of habeas corpus is denied. Because petitioner has failed to make a substantial showing of a denial of a constitutional right, no certificate of appealability shall issue. *See* 28 U.S.C. § 2253(c)(2). The Clerk of the Court shall enter judgment accordingly and close this case.

SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

Dated: June 24, 2010
Central Islip, New York

Petitioner is proceeding *pro se*. Attorney

14

for respondent is Thomas J. Spota, Suffolk County District Attorney, by Grazia DiVincenzo, Assistant District Attorney, 200 Center Drive, Riverhead, NY 11901.